GRUENDER, Circuit Judge,
concurring.
As I explained in my dissent in Little Rock School District v. North Little Rock School District, I believe that the district court abused its discretion in imposing the 2004 Compliance Remedy by creating a new requirement that the program assessment process be “deeply embedded.” 451 F.3d at 541. While I appreciate the district court’s willingness to reconsider its prior decision and adopt the position that I advocated in my dissent, I am not convinced that the law-of-the-case doctrine may be so easily set aside. However, because the district court effectively found that the “deeply embedded” requirement was satisfied, I concur.
As the Court correctly notes, the law-of-the-case doctrine is a “means to prevent the relitigation of a settled issue in a case.” Gander Mountain Co., 540 F.3d at 830. “Accordingly, we will reconsider a previously decided issue only if substantially different evidence is subsequently introduced or the decision is clearly erroneous and works manifest injustice.” Little Earth of the United Tribes, Inc. v. U.S. Dep’t of Hous. & Urban Dev., 807 F.2d 1433, 1441 (8th Cir.1986). Even if the Court’s earlier decision was “at most a reluctant, tepid, [and] grudging,” affir-mance of the “deeply embedded” requirement imposed by the district court’s 2004 Compliance Remedy, ante at 750,1 find no support for such an exception to the law-of-the-case doctrine. Nor do I find support for an exception to the doctrine arising from a “district court’s authority to oversee and enforce a complex, highly detailed settlement agreement.” Ante at 751. Therefore, I find that the law-of-the-case doctrine prevents us from simply affirming the district court’s opinion in its entirety.
*754 Nevertheless, I would affirm the district court’s decision because, upon reviewing the evidence submitted at the January 2007 hearing, the district court effectively found that the “deeply embedded” requirement had been met. Therefore, I concur in that part of the Court’s opinion holding that the district court’s application of the good faith standard of review did not result in any prejudice to Joshua and in the Court’s judgment declaring that the Little Rock School District is completely unitary.